# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRETT STANSBERRY,

    Plaintiff,

v.

PAPPADEAUX,

    Defendant.

Case No. 1:22-cv-667
JUDGE DOUGLAS R. COLE
Chief Magistrate Judge Litkovitz

## OPINION AND ORDER

Brett Stansberry seeks to proceed in forma pauperis against his former employer, Pappadeaux Seafood Kitchen, for allegedly firing him in violation of the Americans with Disabilities Act. In her Report and Recommendation to the Court, the Magistrate Judge concluded that Stansberry should not be allowed to proceed in forma pauperis. Though Stansberry objects, the Court agrees with the Magistrate Judge. So the Court **ADOPTS** the R&R (Doc. 2) and thus **DENIES** Stansberry's motion for leave to proceed in forma pauperis (Doc. 1). And the Court **OVERRULES** Stansberry's Objection (Doc. 3). So if Stansberry wishes to proceed, he must pay a filing fee of $402.

## BACKGROUND

Mid-November of last year, Stansberry moved to proceed in forma pauperis against Pappadeaux, who he says discriminated against him and fired him because of a mistaken belief that he was disabled. (Doc. 1, #1–3; Doc. 1-2, #7–10).

One day later, the Magistrate Judge reviewed the motion. She noted that:

- Stansberry said he was employed

- He said he was "not sure" about his monthly income

- He said he has $5000 in savings.

- And he "does not list any monthly expenses or obligations."

(Doc. 2, #360 (citing (Doc. 1, #2, 3))). The Magistrate Judge said she was "unable to conclude from plaintiff's affidavit that his income and assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $402.00 in order to institute this action." (*Id.* (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948))). So she recommended that the Court deny Stansberry's motion, grant him thirty days from that denial to pay his filing fee, and terminate the matter on its docket if he fails to pay that fee in time. (*Id.* at #360–61).

By November's end, Stansberry objected. He sought to clarify some of his earlier vague answers and omissions. He said that his first direct deposit at his current job was $444, which made him unsure how much money he'll be making in future months. His expenses include:

- A $96 Spectrum bill.

- $745 rent that he shares with his brother.

- "Off and on grocery" expenses between $200 and $325 that he shares with "Brandon," who the Court assumes is his brother.

- A $78.30 health insurance bill

- And $200 for "random problems" like "Tracfone cards[,] memory sticks[,] SD cards[, and] so on."

2

(Doc. 3, #363). Given the Magistrate Judge's determination on IFP, the Complaint is not yet filed and Defendant is not yet served. So the Court expects no response to the objections. Therefore, the matter is ripe for review.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). A litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else the litigant waives the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious").

That said, here, Stansberry is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin*

3

*v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

For unobjected portions of the R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See *Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

To proceed in forma pauperis, plaintiffs need not promise to give "the last dollar they have or can get" to the point that they "make themselves and their dependents wholly destitute." *Adkins*, 335 U.S. at 339. Instead, a plaintiff must merely show that he is unable to, "because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependants with the necessities of life." *Id.* (cleaned up). To assess this, courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses." *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

As the Magistrate Judge noted, Stansberry is employed, but did not offer any information about his salary. (Doc. 2, #360). He tries to answer that in his Objection. He says his first direct deposit at that job was $444, but he does not give any estimate

4

of a monthly or yearly salary. (Doc. 3, #363). Nor does he tell the Court how often he gets those deposits. Weekly? Biweekly? He's unclear.

In his Objection, he clarifies a lot on the expenses side of the ledger. But even then, he does not take all the guesswork out of it. He says he shares $745 in rent with his brother, but doesn't clarify how much of that he pays. He says he shares "[o]ff and on grocery" expenses between $200 and $325 with someone the Court assumes is his brother. How often is "off and on"? And again, what share does he pay?

The Court could stop here. After all, failure to disclose relevant information is reason to deny in forma pauperis status. *See, e.g.*, *Doebler v. Comm'r of Soc. Sec.*, No. 12-cv-11795, 2012 WL 2891246, at *2 (E.D. Mich. May 3, 2012), *report and recommendation adopted*, 2012 WL 2899331 (E.D. Mich. July 16, 2012). ("The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status"). Moreover, as a general matter, objections to an R&R are not the spot to raise new evidence. *See, e.g.*, *Li v. Revere Local Sch. Bd. of Educ.*, Case No. 5:21-cv-983, 2022 WL 3009771, at *4–5 (N.D. Ohio July 29, 2022)

But given that Stansberry is proceeding pro se, the Court will endeavor to assess the issue based on the information he has provided, even though that will require some guesswork. For example, on the expenses side, suppose all shared expenses (e.g., rent and food) are equally split with his brother. And suppose they go to the groceries once a week. *See* Megan Brenan, *In-Person Grocery Shopping Rebounds In U.S.; Online Also Up*, GALLUP (Aug. 24, 2022), https://news.gallup.com/poll/397706/person-grocery-shopping-rebounds-online.aspx

5

("With near unanimity, 97% of U.S. adults say they grocery shop in a store at least monthly, including 82% who do so at least once a week"). Let's say they spend $262.50 every time—the average of the listed grocery expense range ($200–$325). His monthly expenses would be $131.25 for groceries, plus $372.50 for rent, plus $78.30 for health insurance, plus $200 for his "random problems." His total monthly expenses come to $782.05.

On the income side, suppose he gets paid every two weeks. *See Length of Pay Periods in the Current Employment Statistics Survey*, U.S. BUREAU OF LABOR STATISTICS (last updated Oct. 13, 2022), https://www.bls.gov/ces/publications/length-pay-period.htm ("The biweekly pay period is the most common"). And suppose that the $444 direct deposit he notes in his Objection is representative of his typical pay, after his employer withholds taxes. For simplicity, let's assume there are four weeks and, thus, two payments per month. So his total monthly income is $888.

His net income after expenses is $888 minus $782.05, which comes to $105.95. Of course, this number is likely not accurate, given all the assumptions. It does suggest, though, that his monthly income covers his expenses. Still, a filing fee of just over $400 would seem to represent a lot to Stansberry, given what is likely a modest net monthly income.

But there is still the matter of his savings—some $5,000 by his own admission. (Doc. 1, #3). Since his monthly income appears to exceed his monthly expenses, paying $402 from his savings (less than one-tenth of the account) will not deprive him

of the ability to afford the necessities of life. Thus, like the Magistrate Judge rightly concluded, Stansberry is not eligible for in forma pauperis status.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R. (Doc. 2) and thus **DENIES** Stansberry's motion for leave to proceed in forma pauperis (Doc. 1). The Court **OVERRULES** Stansberry's Objection (Doc. 3). The Court further **GRANTS** Stansberry an extension of time of thirty days from the date of this Order to pay the required filing fee of $402. But the Court **NOTIFIES** Stansberry that his Complaint will not be deemed filed until the appropriate filing fee is paid. The Court separately advises Stansberry that there are strict time limits that apply to the filing of claims like those he seeks to assert in his Complaint. That time limit was tolled during the Court's determination of his motion for IFP status. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). The Court will keep tolling that period for thirty days after issuing this Order. But the Court specifically advises Stansberry that failure to pay the filing fee within the thirty-day period set forth in this Order (by March 23, 2022) may cause the Court to close this matter on its docket.

    **SO ORDERED.**

February 21, 2023
**DATE**

        **DOUGLAS R. COLE**
        **UNITED STATES DISTRICT JUDGE**