UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRETT STANSBERRY,<br>    Plaintiff, | Case No. 1:22-cv-667<br>Hopkins, J.<br>Litkovitz, M.J. |
| v. | |
| PAPPADEAUX,<br>    Defendant. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendants' motion to dismiss for lack of service (Doc. 32). Plaintiff filed a memorandum in opposition (Doc. 36). Plaintiff also filed a motion to verify USB sticks (Doc. 31).

**I. Background**

Plaintiff Brett Stansberry initiated this pro se employment discrimination action against defendant Pappadeaux on November 16, 2022, but plaintiff's motion to proceed *in forma pauperis* was denied. (Doc. 7). On March 13, 2023, plaintiff paid the required filing fee; the complaint was filed; and summons issued. (Docs. 12, 13, and 14). Noting that plaintiff had failed to serve process or obtain a service waiver, the Court ordered plaintiff to show cause why this matter should not be dismissed without prejudice for lack of service. (Doc. 26). The Court construed plaintiff's response to the show cause Order as a motion for an extension of time, and ordered plaintiff to achieve proper service no later than December 3, 2023 "or this action will be dismissed without prejudice for lack of service." (Doc. 28 at PAGEID 774).

On November 20, 2023, summons was returned as executed. (Doc. 30). According to the proof of service, the process server indicated that he served the summons on "Marquise

Smith-Manager, who is designated by law to accept service of process on behalf of . . . Pappadeaux on . . . Wed, Nov 15, 2023." (Doc. 30 at PAGEID 779).

On December 6, 2023, defendant appeared for the limited purpose of moving to dismiss plaintiff's complaint for insufficient service of process. (Doc. 32 at PAGEID 782, n.1). According to defendant's motion, plaintiff's process server appeared at a Pappadeaux restaurant in Springdale, Ohio and handed "an unidentified box of documents to a floor manager of a Pappadeaux restaurant." (*Id.* at PAGEID 786). Defendant further states that the employee "served" is not "an officer, managing or general agent of Pappadeaux, or other agent authorized by appointment or by law to receive service of process on behalf of Pappadeaux." (*Id.*). Defendant contends that, despite being granted an extension until nearly nine months after plaintiff filed his complaint, plaintiff has failed to effectuate proper service, and this matter must be dismissed.

Plaintiff responds that the employee accepted the paperwork "without even the slightest hint that she wasn't" allowed to accept service.[1] (Doc. 36 at PAGEID 796). Plaintiff further argues that the instant motion to dismiss indicates that the paperwork served at the local restaurant did, in fact, reach the corporate office in Texas and should be accepted as proper service. (*Id.* at PAGEID 799-800).

**II. Defendants' Motion to Dismiss Should be Granted**

  **A. Plaintiff has not perfected service on defendant.**

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move for dismissal for "insufficient service of process." Unless plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, "plaintiff is responsible for having the summons and complaint served

---

[1] Based on the parties' inconsistent use of pronouns, the gender of the employee served is unclear. Therefore, the Court will use "they" in referring to that employee.

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Proper service of process is required in order for this Court to obtain personal jurisdiction over a defendant. *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021). Actual knowledge of a lawsuit is not a substitute for proper service of process. *Lu v. SAP America, Inc.*, No. 22-1253, 2022 WL 13983546, at *5 (6th Cir. Oct. 24, 2022); *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). "The fact that [defendant corporation] might have been aware of [plaintiff's] suit against it 'makes no legal difference to the question [of] whether [it] was properly served.'" *Lu*, 2022 WL 13983546, at *5 (quoting *King v. Taylor*, 694 F.3d 650, 655-56 (6th Cir. 2012)). On the other hand, "[t]he rules governing service of process are not designed to create an obstacle course for the plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Boulger v. Woods*, 306 F. Supp. 3d 985, 994 (S.D. Ohio 2018) (quoting *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994)).

Unless a plaintiff obtains a waiver of service pursuant to Fed. R. Civ. P. 4(d), a domestic corporation must be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1) and 4(e)(1). Ohio law also authorizes service by United States certified or express mail or commercial carrier service "at any of its usual places of business" as "[e]videnced by return receipt." Ohio R. Civ. P. 4.2(F) and 4.1(A)(1).

In this case, plaintiff has failed to effectuate proper service on defendant. Plaintiff attempted to serve the manager on duty at a local Pappadeaux restaurant. Defendant represents

to the Court that the person served is not an officer, managing or general agent, or authorized agent of defendant corporation. (Doc. 32 at PAGEID 786-87). Plaintiff has failed to offer any evidence to the contrary. In addition, plaintiff did not arrange for service by certified mail or commercial carrier service, and has not provided the required return receipt indicating that such service has been made.

Rather than providing evidence of service (e.g., a signed certified mail receipt), plaintiff relies on "video evidence" and the fact that the person served did not inform the process server that they were not authorized to receive service of process. (Doc. 36 at PAGEID 797-800). Plaintiff further argues that the documents served must have reached the Texas corporate headquarters because counsel has appeared in this matter for the limited purpose of moving to dismiss the case for improper service. (*Id.* at PAGEID 799-800). However, "plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" *Cottrell v. DeVillers*, No. 2:20-cv-5354, 2022 WL 2340884, at *2 (S.D. Ohio June 29, 2022) (Marbley, C.J.) (quoting *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)). In addition, "[a]ctual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4." *Id.* at *9 (quoting *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004)).

As for video evidence, plaintiff has filed two thumb drives in this case since defendant moved to dismiss for improper service. (Docs. 37, 38). Each thumb drive contains hundreds of videos varying in length from a few minutes to over an hour. Plaintiff failed to identify any particular video that would establish proper service in this case, but the Court, in an effort to ensure fundamental fairness to plaintiff, viewed a wide selection of the videos submitted. The videos appear to document plaintiff's daily activities and are irrelevant to service of process in

this case. Accordingly, plaintiff has failed to carry his burden of demonstrating proper service has been made.

### B. Plaintiff has not established good cause for failing to serve defendant.

Having determined that plaintiff has not perfected service, the issue becomes whether this matter should be dismissed. On this issue, Rule 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff bears the burden to establish good cause for his failure to timely serve the summons and complaint on a defendant. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). "'[L]ack of prejudice and actual notice are insufficient' to establish good cause, as are 'mistake of counsel or ignorance of the rules.'" *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (cleaned up)). The Sixth Circuit has "identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a pro se plaintiff suffers from a serious illness. . . . The common denominator in these situations 'is that something outside the plaintiff's control prevents timely service.'" *Id.* (quoting *Savoie v. City of East Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022)).

In this case, plaintiff has not established good cause. The complaint was filed on March 13, 2023, and summons issued the same day. (Docs. 13, 14). Approximately six months later,

5

the Court ordered plaintiff to show cause why the complaint should not be dismissed without prejudice for failure to timely serve defendant. (Doc. 26). In response, plaintiff stated that he "served papers to Papadeaux on separate times" but he was told that his mother needed to sign "paperwork" that she is concerned about signing. (Doc. 27 at PAGEID 771). He concluded his one-page response by stating, "I can deliver a 3rd time, but really shouldn't have to." *Id.* The Court construed plaintiff's response as a motion for extension of time to perfect service pursuant to Federal Rule of Civil Procedure 4(m), and granted him an extension of time. The Order specifically stated that "[p]laintiff must achieve proper service of process **no later than December 3, 2023**, or this action will be dismissed without prejudice for lack of service." (Doc. 28 at PAGEID 774). Plaintiff has offered no evidence that he suffers from a serious illness or that defendant intentionally evaded service. In addition, he has identified nothing outside of his control that precluded him from perfecting service during the original 90-day window or in the nine months that have followed.

### C. Another discretionary extension is not warranted.

Where a plaintiff has failed to effectuate proper service and has failed to establish good cause for failing to do so, the Court may either dismiss the matter without prejudice or order that service be accomplished within a certain time. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565 (6th Cir. 2022); *Shehee v. Kings Furniture*, No. 3:21-cv-274, 2022 WL 4481465 (S.D. Ohio Sept. 27, 2022); Fed. R. Civ. P. 4(m). In determining whether to grant a discretionary extension of time where no showing of good cause has been made, courts should consider the following factors:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for

6

> service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr.*, 44 F.4th at 569. "So long as the court 'clearly weighed, on the record, the impact that a dismissal or an extension would have on the parties before ordering a dismissal,' the court does not abuse its discretion." *Id.* at 570 (quoting *Harmon v. Bogart*, 788 F. App'x 808, 810 (2d Cir. 2019)).

Evaluation of the enumerated factors indicates that another discretionary extension is not warranted. First, the Court previously granted a discretionary extension of time, yet plaintiff failed to perfect service. (Doc. 28). More than a year has now elapsed since plaintiff's complaint was filed, well beyond the 90-day period contemplated by Rule 4(m). Second, although defendant received actual notice and has not demonstrated undue prejudice if another extension were granted, the Court previously warned plaintiff that if he failed to perfect service by December 3, 2023, "this action will be dismissed without prejudice for lack of service." (Doc. 28 at PAGEID 774). Despite knowing the case would be dismissed if he failed to perfect service, plaintiff has not been diligent in correcting the deficiencies previously identified. Plaintiff has made some efforts at service, but he blames his mother's refusal to sign unidentified paperwork (Doc. 36 at PAGEID 796), the "deceitful Marshals" (*Id.* at PAGEID 797), defendant's counsel (*Id.* at PGEID 798), the employee to whom the process server handed the documents (*Id.* at PAGEID 798-99), and defendant (for failing to provide a "call and/or emails detailing a list of people that could receive my service") (*Id.* at PAGEID 800) for plaintiff's own lack of diligence. Fourth, the Court recognizes that plaintiff is proceeding pro se, but another extension would likely prove futile. Plaintiff attached to his long-ago filed complaint a

7

document that lists the name and address of defendant's corporate headquarters at the top of every page. (Doc. 13-1 at PAGEID 399-402). Plaintiff has had a year in which to request a service waiver, conduct an internet search for the proper person to receive service, or serve defendant by certified mail, yet he took none of those actions. The Court is mindful that dismissal without prejudice may create statute of limitations concerns for plaintiff (who states that he received his right to sue letter on September 1, 2022). (Doc. 13 at PAGEID 391). However, the equities of this case do not support a second discretionary extension of time at this late date.

### III. Plaintiff's Motion to Verify Use of USB Sticks (Doc. 31) Will be Denied as Moot

Plaintiff filed a one paragraph motion containing multiple case numbers, including the number of this case. (Doc. 31). In it, plaintiff seeks to verify that USB sticks (more commonly called "thumb drives") are an acceptable medium for evidence submission to the Court. As the Court is recommending that this matter be dismissed without prejudice for lack of proper service, plaintiff's motion is moot. However, the Court notes that thumb drives are commonly used to submit evidence to the United States District Court for the Southern District of Ohio. It appears from plaintiff's motion that he may have had a telephone conversation with someone in the Office of the Circuit Executive for the Sixth Circuit Court of Appeals. The undersigned makes no statement regarding whether the Sixth Circuit accepts thumb drives from pro se litigants.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to verify use of USB sticks (Doc. 31) is **DENIED AS MOOT**.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss (Doc. 32) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(5).

Date: 3/27/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,
    Plaintiff,

vs.

PAPPADEAUX,
    Defendant.

Case No. 1:22-cv-667

Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).