IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRETT STANSBERRY, | : |
| *Plaintiff*, | : Case No. 1:22-cv-667 |
| vs. | : Judge Jeffery P. Hopkins |
| PAPPADEAUX, | : |
| *Defendant*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Order and Report and Recommendation (Doc. 39) issued by Magistrate Judge Karen L. Litkovitz on March 27, 2024. The Magistrate Judge recommends that Defendant's motion to dismiss (Doc. 32) be granted for failure to effectuate service on Defendant because the individual that was served in this case was not an officer or agent authorized to accept service. Plaintiff has filed objections. *See* Docs. 40, 41.

For the reasons set forth herein, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety. The Court thus **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's Complaint without prejudice.

### I. STANDARD OF REVIEW

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged objections, the Court determines that the Report and Recommendation should be adopted.

## II. LAW & ANALYSIS

A defendant may move to dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). As here, where a plaintiff has paid the filing fee, "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Absent a waiver of service pursuant to Fed. R. Civ. P. 4(d), a domestic corporation must be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(e)(1), 4(h)(1). Ohio law similarly provides that service on a corporation may be achieved by serving "the agent authorized by appointment or by law to receive service of process" or "an officer or a managing or general agent of the corporation." Ohio R. Civ. P. 4.2(F). Additionally, in lieu of personal service, Ohio law authorizes service

by United States certified or express mail or commercial carrier service "at any of its usual places of business" as "[e]videnced by return receipt." Ohio R. Civ. P. 4.1(A)(1), 4.2(F).

Similar to the arguments he made in opposition to Defendant's motion, Plaintiff alleges that service was properly effectuated in this case because the process server attempted service on Marquise Smith, a floor manager on duty at a local Pappadeaux restaurant. *See* Doc. 30, PageID 779. Plaintiff, however, has not offered any evidence that rebuts Defendant's contention that Marquise Smith was not an officer, managing or general agent, or other agent authorized to accept service. The Sixth Circuit has defined a managing agent as "one authorized to transact all business of a particular kind at a particular place and [] vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *see also D'Amico Dry d.a.c. McInnis Cement Inc.*, 469 F. Supp. 3d 185, 190 (E.D.N.Y. 2020) (quoting *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) ("In other words, a 'managing or general agent' is 'one who operates at [the organization's] highest levels, or . . . has overall authority to make high-level decisions on the part of the enterprise.'"). There are more than thirty-five Pappadeaux locations across eight states. Doc. 32, PageID 789. Marquise Smith's status as a floor manager at one of those locations is insufficient to establish that he or she qualifies as Pappadeaux's managing or general agent. Plaintiff has likewise made no representation, nor offered any proof thereof, that would show he arranged for service by certified or express mail or commercial carrier service in accordance with Ohio law. *See* Ohio R. Civ. P. 4.1(A)(1).

As a last-ditch effort to avoid dismissal, Plaintiff says that service must have been proper because Defendant is aware of the present action. *See* Docs. 40, 41. But actual knowledge of a lawsuit is not a substitute for proper service of process. *Friedman v. Estate of*

3

*Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991). Even though Defendant may be aware of the present action, "the requirement of proper service of process 'is not some mindless technicality.'" *Id.* at 1156 (quoting *Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Absent proper service, this Court does not have personal jurisdiction over Defendant.

The time for service has previously been extended, *see* Doc. 28, and Plaintiff has not demonstrated that there is good cause to extend time for service under Rule 4(m). Nor has he demonstrated that an additional discretionary extension is warranted in this case. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). For these reasons, Plaintiff's objections are overruled and his Complaint must be dismissed.

### III. CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R&R (Doc. 39) in its entirety. It is therefore **ORDERED** that Defendant's Motion to Dismiss (Doc. 32) is **GRANTED** and that Plaintiff's Complaint (Doc. 13) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

July 2, 2024

Jeffery P. Hopkins
United States District Judge

4